# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### March 4, 2015 Session

## MICHELLE RYE ET AL. v. WOMEN'S CARE CENTER OF MEMPHIS, MPLLC ET AL.

**Appeal by Permission from the Court of Appeals, Western Section**
**Circuit Court for Shelby County**
**No. CT00092009        Gina C. Higgins, Judge**

_____

**No. W2013-00804-SC-R11-CV- Filed October 26, 2015**
_____

SHARON G. LEE, C.J., concurring.

I was not serving on the Supreme Court in 2008 when *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1 (Tenn. 2008) was argued. Had I participated in the *Hannan* decision, I would have joined in the majority opinion. However, after observing the application of the unique *Hannan* standard over the past seven years, I conclude that the *Hannan* standard is unworkable and should be replaced. Although it is often easier to maintain the status quo rather than admit that a mistake was made, we do not have this option. We must change course when we realize we are headed in the wrong direction.

The dissent recognizes that *Hannan* "did not clearly articulate with precision just how the second prong was intended to work in practice" and suggests that it be clarified. This is an implicit acknowledgement that the *Hannan* standard is unworkable. As a proposed "clarification" of *Hannan*, the dissent suggests that trial courts should rely more extensively on scheduling orders. The dissent does not explain how a grant of summary judgment based on the passage of a discovery cutoff date would square with a core holding in *Hannan*—that it is "not enough for the moving party to challenge the nonmoving party to 'put up or shut up' or even to cast doubt on a party's ability to prove an element at trial" and that it will not suffice for the moving party to "simply show that the nonmoving party 'lacks evidence to prove an essential element of its claim.'" *Hannan*, 270 S.W.3d at 8. The problem is, under *Hannan*, absent an affirmative defense such as a statute of limitations, the moving party may not obtain summary judgment before trial, even if the nonmoving party has *no evidence whatsoever* to support the claims in the complaint. This problem cannot be "clarified" away. The only fix is to scrap it and replace it with a workable standard.

The dissent suggests that we should keep the *Hannan* standard so that we can, in a future case, "confront head-on the separation of powers issue" presented by the enactment of Tennessee Code Annotated section 20-16-101. I am unwilling to saddle litigants with a summary judgment standard that is unworkable simply to set the stage for a showdown with the Legislature over its authority to enact a summary judgment standard. The dissent references this as a "game of chicken" between the General Assembly and the Tennessee Supreme Court. I call it fulfilling my oath of office and maintaining the independence and integrity of the judiciary.

_____
SHARON G. LEE, CHIEF JUSTICE